**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-1633**

---

BINSAR RIONALD SIAHAAN,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals. (A95-536-096)

---

Submitted: January 31, 2006          Decided:  February 13, 2006

---

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit
Judge.

---

Petition denied by unpublished per curiam opinion.

---

Howard T. Mei, LAW OFFICES OF HOWARD T. MEI, Bethesda, Maryland,
for Petitioner.  Peter D. Keisler, Assistant Attorney General,
Douglas E. Ginsburg, Senior Litigation Counsel, Christopher T.
Dong, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF
JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Binsar Rionald Siahaan, a native and citizen of Indonesia, petitions for review of a decision by the Board of Immigration Appeals (Board) affirming the immigration judge's order denying his request for asylum, withholding of removal, and protection under the Convention Against Torture.[*] He claims that the Board erred in affirming the immigration judge's denial of his application for withholding of removal. "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Based on our review of the record, we find that substantial evidence supports the Board's decision that Siahaan has failed to meet this standard. Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*]On motion of the Attorney General, this court, by order of November 7, 2005, limited the scope of the appeal to preclude a challenge to the Board's ruling that the asylum application was untimely. In addition, as Siahaan does not challenge the Board's denial of protection under the Convention Against Torture, any claim concerning that issue is waived. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).